800.021530 SC

***IN THE UNITED STATES DISTRICT COURT***
***FOR THE NORTHERN DISTRICT OF ILLINOIS***
***EASTERN DIVISION***

FILED
OCT 1 1 2005 LAL
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| SUSAN GOLDSTEIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05C 5822 |
| MAINE COAST SEA VEGETABLES, GREAT EASTERN SUN TRADING COMPANY, INC., d/b/a EMERALD COVE, WHOLE FOODS MARKET GROUP, INC., d/b/a WHOLE FOODS MARKET, WHOLE FOODS MARKET, SOUTHWEST, INC., d/b/a WHOLE FOODS, and UNITED NATURAL FOODS, MITOKU COMPANY, | ) | Magistrate Judge JUDGE LINDBERG MAGISTRATE JUDGE MASON |
| Defendants. | ) | |

***NOTICE OF REMOVAL***

NOW COMES the defendant, MAINE COAST SEA VEGETABLES, by and through its attorneys, KEVIN CAMPBELL, MICHAEL R. LaBARGE and KATHERINE M. BENSON, respectfully file this notice of removal pursuant to 28 USC §1441. In support thereof, the defendant states the following:

1. The plaintiff, Susan Goldstein, is a citizen of the State of Illinois. Goldstein has filed this complaint against defendants, Maine Coast Sea Vegetables, Great Eastern Sun Trading Company, Inc, d/b/a Emerald Cove, Whole Foods Market Group, Inc., Whole Foods Market, Southwest, Inc., United Natural Foods, and Mitoku Company. (See summons and complaint, attached hereto and marked as Exhibit A). This complaint was filed in the Circuit Court of Cook County, Illinois, under Docket No. 05 L 009355. This personal injury cause of action arises out

of alleged arsenic poisoning and subsequent injuries sustained by the plaintiff after consumption of certain products allegedly manufactured, distributed, and/or sold by defendants in and around September of 2003.

2. Defendant, Maine Coast Sea Vegetables, is incorporated in Maine (See Exhibit A). Maine Coast Sea Vegetables' only warehouse and offices are located in Franklin, Maine. As such, Maine Coast Sea Vegetables is a citizen of the State of Maine.

3. Defendant Great Eastern Sun Trading Company, d/b/a Emerald Cove, is incorporated in North Carolina. (See Exhibit A). Its principle offices are located in Asheville, North Carolina. As such, Great Eastern Sun Trading Company is a citizen of the State of North Carolina.

4. Defendant Whole Foods Market Group , Inc. d/b/a Whole Foods Market and Whole Foods Market, Southwest, Inc. d/b/a Whole Foods are both Texas-based corporations (See Exhibit A). Based upon information from the Illinois Secretary of State's Office, Whole Foods Market Group, Inc. is incorporated in Delaware but its corporate offices are located in Austin, Texas. Whole Foods Market, Southwest, Inc. d/b/a Whole Foods Market was incorporated in Delaware but its license was revoked in 1996. Their corporate offices were also located in Austin, Texas. As such, Whole Foods Market Group, Inc. and Whole Foods Market, Southwest, Inc. are citizens of the States of Delaware and Texas.

5. Defendant United Natural Foods is the distributor of the product "Emerald Cove Kombu" which is distributed by Defendant Great Eastern Sun Trading Company (See Exhibit A). On information and belief, United Natural Foods has its principle place of business in Dayville, Connecticut. It is not incorporated in Illinois. As such, United Natural Foods is a citizen of the State of Connecticut.

6. Mitoku Company is a Japanese corporation (See Exhibit A). As such, it is not a citizen of any state in the United States.

7. Based upon allegations contained in the plaintiff's complaint, the plaintiff is alleging she sustained arsenic poisoning which resulted in severe and permanent injury, the formation of a permanent brain cyst, and the development of permanent tremors. Based on the nature and extent of the plaintiff's alleged injuries, the pain and suffering, disability, and loss of a normal life associated therewith, counsel for the defendant believes the damages being sought by the plaintiff will be in excess of $75,000.

8. There is complete diversity of citizenship of the parties involved in this cause of action, as the plaintiff and the defendants are citizens of different states. In addition, the value of the case is expected to exceed $75,000. Pursuant to 28 USC §133(a)(1), the District Court has original jurisdiction over this matter.

9. The defendant seeks removal to the District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 UCS §1441. This statue permits a defendant to remove any action brought in a state court of which the district court has original jurisdiction to the district court for the district and division embracing the place where such action is pending. Cook County, Illinois is located within the jurisdiction of the District Court for the Northern District of Illinois, Eastern Division.

10. The exhibit that is attached constitutes the process and pleadings which have been served upon the defendant.

11. As required by 28 USC §1446(d), the defendant will give written notice of this petition for removal to plaintiff's counsel and will file a copy thereof with the Clerk of the Circuit Court of Cook County, Law Division.

WHEREFORE, the defendant, MAINE COAST SEA VEGETABLES, by and through its attorneys, KEVIN CAMPBELL, MICHAEL R. LaBARGE and KATHERINE M. BENSON, respectfully request that this action proceed in the district for the Northern District of Illinois, Eastern Division, as an action properly removed to it.

Respectfully submitted,

LaBARGE, CAMPBELL & LYON, L.L.C.

KEVIN CAMPBELL

MICHAEL R. LaBARGE

KATHERINE M. BENSON

LaBARGE, CAMPBELL & LYON, L.L.C.
Attorneys for Defendant MAINE COAST SEA VEGETABLES
200 West Jackson Boulevard, Suite 2050
Chicago, IL 60606
(312) 580-9010

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
SUMMONS

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

CCG N001-10M-1-07-05 ( )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

SUSAN GOLDSTEIN

v.

MAINE COAST SEA VEGETABLES, GREAT EASTERN

No. 2005 L 009355

## SUMMONS

To each Defendant: SEE REVERSE SIDE:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602
- ☐ District 2 - Skokie, 5600 Old Orchard Rd., Skokie, IL 60077
- ☐ District 3 - Rolling Meadows, 2121 Euclid, Rolling Meadows, IL 60008
- ☐ District 4 - Maywood, 1500 Maybrook Ave., Maywood, IL 60153
- ☐ District 5 - Bridgeview, 10220 S. 76th Ave., Bridgeview, IL 60455
- ☐ District 6 - Markham, 16501 S. Kedzie Pkwy., Markham, IL 60426
- ☐ Child Support, 28 North Clark St., Room 200, Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 91018
Name: Adrian Vuckovich of Collins & Bargione
Atty. for: PLAINTIFF
Address: One North LaSalle Street - Suite 2235
City/State/Zip: Chicago, Illinois 60602
Telephone: 3122-372-7813
Service by Facsimile Transmission will be accepted at: ______ (Area Code) (Facsimile Te...

WITNESS, SEP 07 2005

DOROTHY BROWN

Clerk of Court

Date of service: ________, ____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUN...

ATTORNEY NO: 91018

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

SUSAN GOLDSTEIN,

Plaintiff,

vs.

MAINE COAST SEA VEGETABLES, GREAT EASTERN SUN TRADING COMPANY, INC. d/b/a EMERALD COVE, WHOLE FOODS MARKET GROUP, INC. d/b/a WHOLE FOODS MARKET, WHOLE FOODS MARKET, SOUTHWEST, INC. d/b/a WHOLE FOODS, and UNITED NATURAL FOODS, MITOKU COMPANY,

Defendants.

NO.

2005L009355
CALENDAR/ROOM A
TIME 09:00
Product Liability

05 AUG 25 PM 3:50
CIRCUIT COURT OF COOK COUNTY
LAW DIVISION
DOROTHY BROWN CLERK

## COMPLAINT AT LAW

COMES the Plaintiff, SUSAN GOLDSTEIN, by her attorneys, COLLINS & BARGIONE, and BERNAT and BERNAT, PC and for her Complaint against MAINE COAST SEA VEGETABLES, GREAT EASTERN SUN TRADING COMPANY, INC. d/b/a EMERALD COVE WHOLE FOODS MARKET GROUP, INC. d/b/a WHOLE FOODS MARKET, WHOLE FOODS MARKET SOUTHWEST, INC. d/b/a WHOLE FOODS and UNITED NATURAL FOODS, and MITOKU COMPANY states as follows:

## PRELIMINARY ALLEGATIONS

1. Plaintiff Susan Goldstein is a sixty-two year old female, and at all relevant times, has resided in Chicago, Illinois.

2. Prior to September 2003, Plaintiff was an otherwise healthy individual who was

following a macro biotic diet. A macro biotic diet is a vegetarian based diet which emphasizes the use and consumption of dried seaweed. Plaintiff is a jewelry designer, an occupation requiring fine motor control of hand muscles, and has been engaged in that business in Chicago, Illinois for years. Plaintiff operates her jewelry business under the name SAD Goldstone, Inc.

3. At all relevant times, Defendant Maine Coast Sea Vegetable was engaged in the business of producing, distributing and selling and placed in the stream of commerce a certain dry seaweed products called "Dulse" with packaging which states "certified as organic." This Defendant is located in Maine but does business in Illinois.

4. At all relevant times, Great Eastern Sun Trading Company, Inc. d/b/a Emerald Cove distributed and sold and placed in the stream of commerce a product called "Emerald Cove Kombu" which is a dried seaweed product. This Defendant is located in North Carolina but does business in Illinois. United Natural Foods is the distributor of Emerald Cove Kombu. Mitoku Company, a Japanese corporation, manufactures Kombu, on information and belief.

5. Defendant Whole Foods Market Group, Inc., d/b/a Whole Foods Market ("Whole Foods Market") is a Texas based corporation which operates and controls a retail grocery store specializing in the promotion and sale of organic and healthy food items as Whole Foods Market and regularly does business in Illinois. Whole Foods Market has at least three stores in the City of Chicago, in addition to other stores in the surrounding suburbs of Chicago, Illinois.

6. Prior to September 1st, 2003, Defendant Whole Foods was in the retail grocery business and owned, operated, maintained and controlled a retail grocery store located on 1000 West North Avenue, Chicago, Illinois 60622. The real estate upon which that store is situated, as revealed by a tract search, is owned by Defendant Whole Foods Southwest Market, Inc. d/b/a Whole Foods.

**COUNT I**
**(Negligence Against Maine Coast Sea Vegetables)**

1-6. Plaintiff realleges Paragraphs 1 through 6 of the Preliminary Allegations as though fully set forth herein.

7. That during and before September 2003, Defendant Maine Sea Coast Vegetables was engaged in the business of producing, distributing and selling certain products, and did produce, distribute and sell a certain product described as a "Wild Atlantic Sea Vegetable" called "Dulse". Dulse is a dried seaweed product intended to be eaten by consumers.

8. That during and before September 2003, the Defendant Maine Coast Sea Vegetables supplied and delivered products to the Chicago Area and did sell, supply and deliver its product "Dulse" to Defendant Whole Foods Market and/or Whole Foods in Chicago, Illinois.

9. That during and before September 2003, the Plaintiff Susan Goldstein was following a macro biotic diet and as part of the aforesaid macro biotic diet, Goldstein consumed the aforementioned "Dulse" product.

10. Specifically, Plaintiff Susan Goldstein purchased Dulse in September 2003 at the Whole Foods Market and/or Whole Foods Store located at 1000 West North Avenue, Chicago, Illinois.

11. In September 2003, Susan Goldstein consumed the Dulse product, as produced, distributed and sold by Defendant Maine Coast Sea Vegetables and as sold by Defendants Whole Foods Market and/or Whole Foods and as a result, Plaintiff Goldstein sustained a severe and permanent injury because the Dulse product contained unsafe and dangerous levels of arsenic.

12. Plaintiff Goldstein developed a tremor in her hand of an unknown origin. Plaintiff

consulted her family physician in September 2003 and then ultimately a neurologist who, in October 2003, determined through testing, that Goldstein was suffering from arsenic poisoning.

13. As a result of the diagnosis of arsenic poisoning, Goldstein employed an environmental engineering firm, Bussey Environmental Services and Testing, Inc., to determine the source of the arsenic poisoning. Bussey determined that Dulse contained unreasonably dangerous, unsafe and unusual amounts of arsenic.

14. At all relevant times, Maine Coast had a duty to the users of its produce Dulse to sell a product which was reasonably safe for consumption. That during and before September 2003, the Defendant Maine Coast Sea Vegetables by and through its authorized agents and employees did or failed to do one or more of the following acts:

(A) Failed to engage in proper testing of the Dulse products;

(B) Failed to monitor production and packaging of the Dulse products so as to detect dangerous and unsafe levels of arsenic in its Dulse product;

(C) Failed to warn consumers and in particular, Plaintiff that the Dulse product contained unsafe, dangerous levels of arsenic ;

(D) Failed to specify any remedies for arsenic poisonings caused by the consumption of Dulse;

(E) Negligently produced and packaged the Dulse product;

(F) Negligently allowed the Dulse product to become contaminated with dangerous levels of arsenic.

15. The defective, unsafe and/or unreasonably dangerous condition of the Dulse product as described above continued up to and including the time that a portion of the seaweed and arsenic

contained therein was ingested by Plaintiff Susan Goldstein in September 2003.

16. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the Dulse and specifically the high levels of arsenic contained therein and the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and causes permanent tremors. Additionally, Goldstein suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, and expenses now and in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future and has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that Court enter judgment in favor of Goldstein and against Defendant Maine Coast Sea Vegetables in an amount in excess of $50,000.00 dollars.

**COUNT II**
**(Strict Liability Against Maine Coast Sea Vegetables)**

1-15. Plaintiff realleges paragraphs 1-15 of Count I as though fully set forth herein.

16. That during and prior to September 2003, Dulse, as produced, distributed and sold by Defendant Maine Coast Sea Vegetables was in a defective, unsafe and an unreasonably dangerous condition in that it contained dangerous levels of arsenic and could not be ingested safely because Defendant Maine Coast Sea Vegetables:

(A) Failed to engage in proper testing of the Dulse products;

(B) Failed to monitor production and packaging of the Dulse products so as to

detect dangerous and unsafe levels of arsenic.

(C) Failed to warn of the effect of the Dulse products to consumers;

(D) Failed to specify any remedies for arsenic poisonings caused by the consumption of Dulse.

(E) Improperly produced and packaged the Dulse product;

(F) Allowed the Dulse product to become contaminated with unsafe levels of arsenic.

17. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the Dulse and specifically the high levels of arsenic contained therein and the ingestion thereof by Plaintiff Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and causes permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, and expenses now and in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future and has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that this Court enter judgment in favor of Plaintiff and against Defendant Maine Coast Sea Vegetables in an amount in excessive of $50,000.00 dollars.

**COUNT III**
**(Negligence Against Defendant Great Eastern Sun)**

1-.6. Plaintiff realleges Paragraphs 1 through 6 of the Preliminary Allegations as though

fully set forth.

7. That during and before September 2003, Defendant, Great Eastern Sun was engaged in the business of importing, distributing and selling certain products, and did import distribute and sell a certain product known as "Emerald Cove Kombu."

8. That during and before September 2003, the Defendant Great Eastern Sun imported and supplied Emerald Cove Kombu in the Chicago area and did sell, supply and deliver Emerald Cove Kombu to Defendant Whole Foods Market and/or Whole Foods in Chicago, Illinois.

9. That during and before September 2003, the Plaintiff Susan Goldstein was following a macro biotic diet and as part of the aforesaid macro biotic diet, Goldstein consumed Emerald Cove Kombu.

10. Plaintiff Susan Goldstein purchased Emerald Cove Kombu in September 2003 at the Whole Foods Market and/or Whole Foods grocery store located at 1000 West North Avenue, Chicago, Illinois and consumed said product.

11. Thereafter, Susan Goldstein developed a tremor in her hand of an unknown origin. Plaintiff consulted her family physician in September and then a neurologist who, in October 2003, determined through testing that Goldstein was suffering from arsenic poisoning.

12. As a result of the diagnosis of arsenic poisoning, Goldstein employed an environmental engineering firm, Bussey Environmental Services and Testing, Inc., to determine the cause of the arsenic poisoning. Bussey determined that the Emerald Cove Kombu product contained unreasonably dangerous, unsafe and unusual amounts of arsenic.

13. At all relevant times, Great Eastern Sun had a duty to users of its products to sell a product which was reasonably safe for consumption. That during and before September 2003, the

Defendant Great Eastern Sun by and through its authorized agents and employees did or failed to do one or more of the following acts:

(A) Failed to engage in proper testing of the Emerald Cove Kombu product;

(B) Failed to monitor production and packaging of the Emerald Cove Kombu product so as to detect unsafe levels of arsenic in the product;

(C) Failed to warn of the effect of the ingestion of Emerald Cove Kombu to consumers;

(D) Failed to specify any remedies for arsenic poisonings caused by the ingestion of Emerald Cove Kombu.

(E) Negligently imported distributed and sold Emerald Cove Kombu without adequate safety awareness;

(F) And/or negligently allowed the Emerald Cove Kombu product to become contaminated with dangerous levels of arsenic.

14. The defective, unsafe and unreasonably dangerous condition of the seaweed as described above continued up to and included the time that a portion of the seaweed and arsenic contained therein was ingested by Plaintiff Susan Goldstein in September 2003.

15. That Susan Goldstein consumed the Emerald Cove Kombu product, as imported distributed and sold by Defendant Great Eastern Sun and as a result, sustained severe and permanent injury because the Emerald Cove Kombu product contained unsafe and dangerous levels of arsenic.

16. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and specifically the arsenic contained therein the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally,

Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that Court enter judgment in favor of Goldstein and against Defendant Great Eastern Sun in an amount in excess of $50,000.00 dollars.

**COUNT IV**
**(Strict Liability Against Great Eastern Sun)**

1-15. Plaintiff realleges paragraphs 1 through 15 of Count III as though fully set forth.

16. That during and prior to September 2003, Emerald Cove Kombu, as imported, produced, distributed and sold by Defendant Great Eastern Sun was in an unreasonably dangerous condition in that it could not be ingested safely because Defendant Great Eastern Sun:

(A) Failed to engage in proper testing of the Emerald Cove Kombu product;

(B) Failed to monitor production and packaging of the Emerald Cove Kombu products so as to detect unsafe levels of arsenic.

(C) Failed to warn of the effect of the Emerald Cove Kombu products to consumers;

(D) Failed to specify any remedies for arsenic poisonings caused by the consumption of Emerald Cove Kombu .

(E) Improperly packaged and sold Emerald Cove Kombu to the public and in particular to Plaintiff.

(F) And/or allowed the Emerald Cove Kombu product to become contaminated

with dangerous levels of arsenic.

17. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and specifically the arsenic contained therein and the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that this Court enter judgment in favor of Plaintiff and against Defendant Great Eastern Sun in an amount in excessive of $50,000.00 dollars.

**COUNT V**
**(Implied Warranty Under the Uniform Commercial Code Against Great Eastern Sun)**

1-15. Plaintiff realleges Paragraphs 1 through 15 of Count III as though fully set forth herein.

16. That during and prior to September 2003, the Defendant Great Eastern Sun did impliedly warrant that the product Emerald Cove Kombu was of a merchantable quality pursuant to the applicable provisions of the Uniform Commercial Code.

17. That at the aforesaid time, the Defendant Great Eastern Sun did breach the aforesaid implied warranty in that the product Emerald Cove Kombu was defective and not of a merchantable quality because it contained unusually unsafe, high and dangerous levels of arsenic.

18. That as a direct and proximate result and consequence of the unreasonably dangerous,

defective and unsafe condition of the seaweed and specifically the arsenic contained therein and the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that this Court enter judgment in favor of Plaintiff and against Defendant Great Eastern Sun in an amount in excess of $50,000.00 dollars.

**COUNT VI**
**(Negligence Against Whole Foods Market)**

1-6. Plaintiff realleges Paragraphs 1 through 6 of the Preliminary Allegations as though fully set forth herein.

7. That during and before September 2003, Defendant, the Defendant Whole Foods Market was engaged in the business of selling certain products, and did sell certain products known as Dulse and Emerald Cove Kombu as referred to in Counts I-V.

8. That during and before September 2003, the Plaintiff Susan Goldstein was following a macro biotic diet and as part of the aforesaid macro biotic diet, Goldstein consumed Dulse and Emerald Cove Kombu.

9. Plaintiff Susan Goldstein purchased Dulse and Emerald Cove Kombu in September 2003 at the Whole Foods Market grocery store located at 1000 West North Avenue, Chicago, Illinois.

10. That Susan Goldstein consumed the Dulse product and Emerald Cove Kombu product as sold by Whole Foods Market and as a result sustained severe and permanent injury from arsenic poisoning.

12. Susan Goldstein developed a tremor in her hand of an unknown origin. In September Plaintiff Goldstein consulted her family physician and then a neurologist who, in October 2003, determined through testing that Plaintiff was suffering from arsenic poisoning.

13. As a result of the diagnosis of arsenic poisoning, Goldstein employed an environmental engineer Bussey Environment Services and Testing to determine the source of the arsenic poisoning. Bussey determined that the dried seaweed products, Dulse and Emerald Cove Kombu, as sold by Whole Foods Market contained contained dangerous, unsafe and unusual amounts of arsenic.

14. At all relevant times, Whole Foods Market had a duty to users of its products to sell products which were reasonably safe for consumption. That during and before September 2003, the Defendant Whole Foods by and through its authorized agents and employees did or failed to do one or more of the following acts:

(A) Failed to engage in proper testing of the Dulse and Emerald Cove Kombu products;

(B) Failed to evaluate the production and packaging of the Dulse and Emerald Cove Kombu products;

(C) Failed to warn of the effect of the consumption of Dulse and Emerald Cove Kombu products to consumers;

(D) Failed to specify any remedies for arsenic poisoning caused by the consumption of Dulse.

(E) Failed to take steps to ensure that the Dulse and Emerald Cove Kombu product that it sold were safe and free from dangerous contaminants.

15. The defective, unsafe and unreasonably dangerous condition of the Dulse and Emerald Cove Kombu product continued and up to and included the time that a portion of the seaweed and arsenic contained therein were ingested by Plaintiff Susan Goldstein in September 2003.

16. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that Court enter judgment in favor of Goldstein and against Defendant Whole Foods Market in an amount in excess of $50,000.00 dollars.

**COUNT VII**
**(Strict Liability Against Whole Foods Market)**

1-14. Plaintiff realleges Paragraphs 1 through 14 of Count VI as though fully set forth herein.

15. That during and prior to September 2003, the Dulse and Emerald Cove Kombu products which were sold by Defendant Whole Foods Market were in an unreasonably dangerous

condition in that the seaweed products could not be ingested safely because Defendant Whole Foods Market.

(A) Failed to engage in proper testing of the Dulse and Emerald Cove Kombu products;

(B) Failed to monitor production and packaging of the Dulse and Emerald Cove Kombu products so as to detect unsafe levels of arsenic;

(C) Failed to warn consumers including Plaintiff of the effects of the consumption of the Dulse and Emerald Cove Kombu products;

(D) Failed to specify any remedies for arsenic poisonings caused by the consumption of Dulse;

(E) Failed to ensure that the Dulse and Emerald Cove Kombu products did become contaminated with arsenic.

16. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that this Court enter judgment in favor of Plaintiff and against Defendant Whole Foods in an amount in excessive of $50,000.00 dollars.

**COUNT VIII**
**(Negligence Against Whole Foods)**

1-6. Plaintiff realleges Paragraphs 1 through 6 of the Preliminary Allegations as though fully set forth.

7. That during and before September 2003, Defendant, the Defendant Whole Foods was engaged in the business of selling certain products, and did sell certain products known as Dulse and Emerald Cove Kombu as referred to in Counts I-VII of this Complaint.

8. That during and before September 2003, the Plaintiff Susan Goldstein was following a macro biotic diet and as part of the aforesaid macro biotic diet, Goldstein consumed Dulse and Emerald Cove Kombu.

9. Plaintiff Susan Goldstein purchased Dulse and Emerald Cove Kombu in September 2003 at the Whole Foods grocery store located at 1000 West North Avenue, Chicago, Illinois.

10. Susan Goldstein developed a tremor in her hand of an unknown origin. In September Plaintiff Goldstein consulted her family physician and then a neurologist who, in October 2003, determined through testing that Plaintiff was suffering from arsenic poisoning.

11. As a result of the diagnosis of arsenic poisoning, Goldstein employed an environmental engineer Bussey Environment Services and Testing to determine the source of the arsenic poisoning. Bussey determined that the dried seaweed products, Dulse and Emerald Cove Kombu, as sold by Whole Foods contained contained dangerous, unsafe and unusual amounts of arsenic.

12. That Susan Goldstein consumed the Dulse product and Emerald Cove Kombu product as sold by Whole Foods and as a result sustained severe and permanent injury from arsenic

poisoning.

13. The defective, unsafe and unreasonably dangerous condition of the Dulse and Emerald Cove Kombu product continued and up to and included the time that a portion of the seaweed and arsenic contained therein were ingested by Plaintiff Susan Goldstein in September 2003.

14. At all relevant times, Whole Food had a duty to users of its products to sell products which were reasonably safe for consumption. That during and before September 2003, the Defendant Whole Foods by and through its authorized agents and employees did or failed to do one or more of the following negligent acts:

(A) Failed to engage in proper testing of the Dulse and Emerald Cove Kombu products;

(B) Failed to evaluate the production and packaging of the Dulse and emerald Cove Kombu products so as to detect unsafe and dangerous levels of arsenic.

(C) Failed to warn consumers and specifically Plaintiff of the effect of the consumption of Dulse and Emerald Cove Kombu product.

(D) Failed to specify any remedies for arsenic poisonings caused by the consumption of Dulse so

(E) Failed to take steps to ensure that the Dulse and Emerald Cove Kombu product that it sold were safe and free from dangerous contaminants.

15. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage

and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that Court enter judgment in favor of Goldstein and against Defendant Whole Foods in an amount in excess of $50,000.00 dollars.

**COUNT IX**
**(Strict Liability Against Whole Foods)**

1-14. Plaintiff realleges Paragraphs 1 through 14 of Count VIII as though fully set forth.

15. That during and prior to September 2003, the Dulse and Emerald Cove Kombu products which were sold by Defendant Whole Foods were in an unreasonably dangerous condition in that the seaweed products could not be ingested safely because Defendant Whole Foods.

(A) Failed to engage in proper testing of the Dulse and Emerald Cove Kombu products;

(B) Failed to monitor production and packaging of the Dulse and Emerald Cove Kombu products;

(C) Failed to warn consumers and specifically Plaintiff of the effects of the consumption of the Dulse and Emerald Cove Kombu products;

(D) Failed to specify any remedies for arsenic poisonings caused by the consumption of Dulse;

(E) Failed to ensure that the Dulse and Emerald Cove Kombu products did not become contaminated with arsenic.

16. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that this Court enter judgment in favor of Plaintiff and against Defendant Whole Foods in an amount in excessive of $50,000.00 dollars.

**COUNTS X**
**(Negligence Against Defendant United Natural Foods)**

1-.6. Plaintiff realleges Paragraphs 1 through 6 of the Preliminary Allegations as though fully set forth herein.

7. That during and before September 2003, Defendant, United Natural Foods, was engaged in the business of distributing and selling certain products, and did distribute and sell a certain product known as "Emerald Cove Kombu."

8. On information and belief, that during and before September 2003, the Defendant United Natural Foods supplied Emerald Cove Kombu in the Chicago Area and did sell, supply and deliver Emerald Cove Kombu to Defendant Whole Foods Market and/or Whole Foods in Chicago, Illinois.

9. That during and before September 2003, the Plaintiff Susan Goldstein was following

a macro biotic diet and as part of the aforesaid macro biotic diet, Goldstein consumed Emerald Cove Kombu.

10. Plaintiff Susan Goldstein purchased Emerald Cove Kombu in September 2003 at the Whole Foods Market and/or Whole Foods grocery store located at 1000 West North Avenue, Chicago, Illinois.

11. That Susan Goldstein consumed the Emerald Cove Kombu product, as distributed and sold by Defendant United Natural Foods and as a result, sustained severe and permanent injury because the Emerald Cove Kombu product contained unsafe and dangerous levels of arsenic.

12. Thereafter, Susan Goldstein developed a tremor in her hand of an unknown origin. Plaintiff consulted her family physician in September and then a neurologist who, in October 2003, determined through testing that Goldstein was suffering from arsenic poisoning.

13. As a result of the diagnosis of arsenic poisoning, Goldstein employed an environmental engineering firm, Bussey Environmental Services and Testing, Inc. to determine the cause of the arsenic poisoning. Bussey determined that the Emerald Cove Kombu product contained unreasonably dangerous, unsafe and unusual amounts of arsenic.

14. At all relevant times United Natural Foods had a duty to users of its products to sell a product which was reasonably safe for consumption. That during and before September 2003, the Defendant United Natural Foods by and through its authorized agents and employees did or failed to do one or more of the following acts:

(A) Failed to engage in proper testing of the Emerald Cove Kombu product;

(B) Failed to monitor production and packaging of the Emerald Cove Kombu product;

(C) Failed to warn of the effect of the ingestion of Emerald Cove Kombu to consumers;

(D) Failed to specify any remedies for arsenic poisonings caused by the ingestion of Emerald Cove Kombu.

(E) Negligently distributed and sold Emerald Cove Kombu without adequate safety awareness;

(F) Negligently and/or allowed the Emerald Cove Kombu product to become contaminated with dangerous levels of arsenic.

15. The defective, unsafe and unreasonably dangerous condition of the seaweed as described above continued and up to and included the time that a portion of the seaweed and arsenic contained therein was ingested by Plaintiff Susan Goldstein in September 2003.

16. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and specifically the arsenic contained therein the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that Court enter judgment in favor of Goldstein and against Defendant United Natural Foods in an amount in excess of $50,000.00 dollars.

**COUNT XI**
**(Strict Liability Against United Natural Foods)**

1-15. Plaintiff realleges paragraphs 1 through 15 of Count X as though fully set forth.

16. That during and prior to September 2003, Emerald Cove Kombu as produced, distributed and sold by Defendant United Natural Foods was in an unreasonably dangerous condition in that it could not be ingested safely because Defendant United Natural Foods:

(A) Failed to engage in proper testing of the Emerald Cove Kombu products;

(B) Failed to monitor production and packaging of the Emerald Cove Kombu products;

(C) Failed to warn of the effect of the Emerald Cove Kombu products to consumers;

(D) Failed to specify any remedies for arsenic poisonings caused by the consumption of Emerald Cove Kombu .

(E) Improperly packaged and sold Emerald Cove Kombu to the public and in particular to Plaintiff.

(F) Allowed the Emerald Cove Kombu product to become contaminated with dangerous levels of arsenic.

17. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and specifically the arsenic contained therein and the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally, she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that this Court enter judgment in favor of Plaintiff and against Defendant United Natural Foods in an amount in excessive of $50,000.00 dollars.

**COUNT XII**
**(Negligence Against Mitoku Company)**

1-.6. Plaintiff realleges Paragraphs 1 through 6 of the Preliminary Allegations as though fully set forth.

7. That on information and belief, during and before September 2003, Defendant, Mitoku Company was engaged in the business of manufacturing, exporting distributing and selling certain products, and did import distribute and sell a certain product known as "Emerald Cove Kombu."

8. That during and before September 2003, the Defendant Mitoku Company manufactured, supplied and sold Emerald Cove Kombu in the Chicago area and did sell, supply and deliver Emerald Cove Kombu to Defendants United Natural Foods and Whole Foods Market and/or Whole Foods in Chicago, Illinois.

9. That during and before September 2003, the Plaintiff Susan Goldstein was following a macro biotic diet and as part of the aforesaid macro biotic diet, Goldstein consumed Emerald Cove Kombu.

10. Plaintiff Susan Goldstein purchased Emerald Cove Kombu in September 2003 at the Whole Foods Market and/or Whole Foods grocery store located at 1000 West North Avenue, Chicago, Illinois.

11. That Susan Goldstein consumed the Emerald Cove Kombu product, as manufactured

exported distributed and sold by Defendant Mitoku Company and as a result sustained severe and permanent injury because the Emerald Cove Kombu product contained unsafe and dangerous levels of arsenic.

12. Thereafter, Susan Goldstein developed a tremor in her hand of an unknown origin. Plaintiff consulted her family physician in September and then a neurologist who, in October 2003, determined through testing that Goldstein was suffering from arsenic poisoning.

13. As a result of the diagnosis of arsenic poisoning, Goldstein employed an environmental engineering firm, Bussey Environmental Services and Testing, Inc., to determine the cause of the arsenic poisoning. Bussey determined that the Emerald Cove Kombu product contained unreasonably dangerous, unsafe and unusual amounts of arsenic.

14. At all relevant times, Mitoku Company had a duty to users of its products to sell a product which was reasonably safe for consumption. That during and before September 2003, the Defendant Great Eastern Sun by and through its authorized agents and employees did or failed to do one or more of the following acts:

(A) Failed to engage in proper testing of the Emerald Cove Kombu product;

(B) Failed to monitor production and packaging of the Emerald Cove Kombu product so as to detect unsafe levels of arsenic;

(C) Failed to warn of the effect of the ingestion of Emerald Cove Kombu to consumers;

(D) Failed to specify any remedies for arsenic poisonings caused by the ingestion of Emerald Cove Kombu.

(E) Negligently imported distributed and sold Emerald Cove Kombu without adequate safety awareness;

(F) And/or negligently manufactured and/or allowed the Emerald Cove Kombu product to become contaminated with dangerous levels of arsenic.

15. The defective, unsafe and unreasonably dangerous condition of the seaweed as described above continued up to and included the time that a portion of the seaweed and arsenic contained therein was ingested by Plaintiff Susan Goldstein in September 2003.

16. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and specifically the arsenic contained therein the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that Court enter judgment in favor of Goldstein and against Defendant Mitoku Company in an amount in excess of $50,000.00 dollars.

**COUNT XIII**
**(Strict Liability Mitoku Company)**

1-15. Plaintiff realleges paragraphs 1 through 15 of Count III as though fully set forth herein.

16. That during and prior to September 2003, Emerald Cove Kombu, as manufactured, exported, produced, distributed and sold by Defendant Mitoku Company was in an unreasonably dangerous condition in that it could not be ingested safely because Defendant Mitoku Company.

(A) Failed to engage in proper testing of the Emerald Cove Kombu product;

(B) Failed to monitor production and packaging of the Emerald Cove Kombu products;

(C) Failed to warn of the effect of the Emerald Cove Kombu products to consumers;

(D) Failed to specify any remedies for arsenic poisonings caused by the consumption of Emerald Cove Kombu .

(E) Packaged and sold Emerald Cove Kombu to the public in an unsafe and dangerous and in particular to Plaintiff.

(F) And/or allowed the Emerald Cove Kombu product to become contaminated with dangerous levels of arsenic.

17. That as a direct and proximate result and consequence of the unreasonably dangerous, defective and unsafe condition of the seaweed and specifically the arsenic contained therein and the ingestion thereof by Plaintiff Susan Goldstein, Plaintiff suffered severe and permanent injury to her, including the formation of a brain cyst which is permanent, and permanent tremors. Additionally, Plaintiff suffered severe and permanent damage and has incurred and will become liable for large sums of money for the treatment of her medical condition, expenses in the future and additionally she has been and will be deprived of earnings and profits that she otherwise would have made in the future has otherwise been prevented from attending to her normal affairs and duties.

WHEREFORE, Plaintiff Susan Goldstein prays that this Court enter judgment in favor of Plaintiff and against Defendant Mitoku Company in an amount in excessive of $50,000.00 dollars.

BY: ______________________
Attorney for Plaintiff

COLLINS & BARGIONE
ONE NORTH LA SALLE STREET
SUITE 2235
CHICAGO, ILLINOIS 60602
312-372-7813

ROBERT J. BERNAT, JD, MD
BERNAT & BERNAT, PC
120 S. LA SALLE STREET
SUITE 1600
CHICAGO, ILLINOIS 60603

3

800.021530 SC

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE NORTHERN DISTRICT OF ILLINOIS*
*EASTERN DIVISION*

FILED LAL
OCT 1 1 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

SUSAN GOLDSTEIN, )
Plaintiff, )
v. ) No. 05C 5822
JUDGE LINDBERG
MAINE COAST SEA VEGETABLES, ) Magistrate Judge
et al., )
Defendants. )
MAGISTRATE JUDGE MASON

## *NOTICE OF FILING*

To: See Attached Service List

YOU ARE HEREBY NOTIFIED that on October 11, 2005, there was filed with Clerk of the United States District Court Northern District of Illinois, Eastern Division, CIVIL COVER SHEET AND NOTICE OF REMOVAL, copies of which are attached hereto.

LaBARGE, CAMPBELL & LYON, L.L.C.
Attorneys for Defendant MAINE COAST SEA VEGETABLES
200 West Jackson Boulevard, Suite 2050
Chicago, IL 60606
(312) 580-9010

## PROOF OF SERVICE

I certify that I served this Notice by mailing a copy to each person to whom it is directed at the addresses indicated on the attached service list by depositing same in the U.S. Mail at 200 West Jackson Boulevard, Chicago, Illinois on October 11, 2005, with proper postage prepaid.

KEVIN CAMPBELL

800.021530

Susan Goldstein v. Maine Coast Sea Vegetables
Court No. 05 L 009355

**SERVICE LIST**

***Attorneys for Plaintiff***

Ms. Adrian Vuckovich
Collins & Bargione
One North LaSalle Street
Suite 2235
Chicago, IL 60602
312-372-7813

Robert J. Bernat, JD, MD
Bernat & Bernat, PC
120 South LaSalle Street
Suite 1600
Chicago, IL 60603